IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 1:03-cr-00055-MP-AK

RAYMOND LOZANO, JR.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    This matter is before the Court on Doc. 62, Motion to Vacate under 28 U.S.C. § 2255, by Raymond Lozano, Jr.  Defendant is represented by counsel.  The Government has filed its response, Doc. 64, and the time for filing a reply has passed.  This cause is therefore in a posture for decision.  Having carefully considered the matter, the Court recommends that the motion be denied.

    Defendant pled guilty to conspiracy to possess with intent to distribute five hundred (500) grams or more of methamphetamine.  Docs. 41 & 42.  Several months before the change of plea, the Government filed an Information and Notice of Prior Convictions pursuant to 21 U.S.C. § 851, setting forth a conviction for possession of cocaine in Hardee County, Florida.  Doc. 21. Shortly before the plea hearing, the Government filed a second Information and Notice, which appears to be duplicate of the first.  Doc. 32.  In the Plea Agreement, Defendant acknowledged that he was facing a mandatory minimum sentence of 20 years imprisonment with a maximum

sentence of life and that pursuant to § 851, "he has been convicted of a prior drug felony offense, as set out in the government's Information and Notice of Intent (to pursue enhanced sentence)." Doc. 41.  In the Statement of Facts, he agreed that he "has been previously convicted of a prior felony drug offense, Possession of Cocaine, in Case No. 98-141-CF in the Tenth Judicial Circuit of Florida."  Doc. 42.  Though Defendant's Guidelines range was 121-151 months, *see* Doc. 64, he was sentenced to 240 months imprisonment, the minimum mandatory sentence pursuant to 21 U.S.C. § 841(b)(1)(A).  Doc. 60.  Judgment was entered on August 5, 2004.  Defendant did not appeal.

In his motion to vacate, Defendant raises four grounds for relief and an overall ineffective assistance of counsel claim for failure to raise these four grounds.

In his first claim for relief, Defendant charges that his sentence violates *Booker* since he was sentenced "under the pre-Booker mandatory sentencing scheme...."  Doc. 62, Mem. at 4.  Defendant was not sentenced to a Guidelines sentence, but in any event, "*Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review."  *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005).  Thus, this claim is without merit.

In his second ground, Defendant claims that the Court was without jurisdiction to impose sentence "under a mandatory sentencing guideline regime...."  Doc. 62, Mem. at 5.  This is merely another way of advancing a *Booker* argument, which is not cognizable in this proceeding.

In his third claim, Defendant charges that the Court erred when it did not hold a hearing to determine whether he affirmed or denied the previous drug conviction in the § 851 Notice.  No transcript of the sentencing hearing has been made, but the Court will assume that the district

judge did not afford Defendant the opportunity to question the validity of the prior conviction at the sentencing hearing.  In this Court's view, this failure is inconsequential, as Defendant was afforded that opportunity both before he appeared for the change of plea hearing, *see* 21 U.S.C. § 851(c), before he signed the Plea Agreement and the Statement of Facts, and before he pled guilty.  Furthermore, if the prior felony drug conviction was more than 5 years old, it was not challengeable as a matter of law under § 851(e) because the statute of limitations had expired for asserting a challenge to a prior conviction.  *United States v. Weaver*, 905 F.2d 1466, 1482 (11th Cir. 1990) (court was "not required 'to adhere to the rituals of § 851(b) where a defendant, as a matter of law, is precluded from attacking the conviction forming the basis of the enhancement information'").

Defendant's fourth claim is nothing more than a third attempt to bring a *Booker* claim, which, as noted, is foreclosed on collateral review.

Finally, any claim that counsel was ineffective for failing to notice "the clear error concerning the constitutional invalidity of mandatory guideline sentencing prior to the entry of the written judgment" is without merit.  At the time Defendant was sentenced, *Apprendi* controlled and had been interpreted by this circuit as having no applicability to the Sentencing Guidelines.  *United States v. Sanchez*, 269 F.3d 1250, 1262 (11th Cir. 2001).  Even after *Blakely*, the Eleventh Circuit persisted in finding it inapplicable to the Sentencing Guidelines.  *United States v. Reese*, 382 F.3d 1308, 1312 (11th Cir. 2004).  Though *Reese* was later vacated in light of *Booker*, it remained the law of the Eleventh Circuit for months after Defendant's sentencing.  Thus, if the Eleventh Circuit could not foresee the applicability of *Blakely* to the Sentencing Guidelines, then counsel should not be faulted for being equally devoid of such

clairvoyance.

As none of Defendant's claims have merit, the motion to vacate should be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to vacate, Doc. 62, be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this __3rd__ day of August, 2007.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**