IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.  Case Nos.: 1:03cr55/MP/GRJ
   1:16cv266/MP/GRJ

RAYMOND LOZANO, JR.,

    Petitioner.

___

## O R D E R

This matter is before the court upon Petitioner's "Motion to Amend or Correct a Sentence pursuant to Amendment 794 and Title 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence." (ECF No. 91.) Amendment 794 to the Sentencing Guidelines does not provide an independent jurisdictional basis for relief. Thus, Petitioner's request for relief is properly considered as a motion pursuant to section 2255. Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the

Case Nos.: 1:03cr55/MP/GRJ; 1:16cv266/MP/GRJ

court is without jurisdiction to entertain Petitioner's motion and that it should be summarily dismissed.

## BACKGROUND and ANALYSIS

Petitioner Raymond Lozano, Jr. pleaded guilty to conspiracy to possess with intent to distribute five hundred (500) grams or more of methamphetamine. (ECF Nos. 41, 42). The court sentenced Petitioner to a term of 240 months, followed by ten years of supervised release. (ECF No. 60). Judgment was entered on August 5, 2004, and Petitioner did not appeal.[1]

On July 22, 2005, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence seeking relief on four grounds. (ECF No. 62.) Petitioner's motion was denied on the merits. (ECF Nos. 65, 67, 68).

In the instant § 2255 motion, Petitioner seeks sentencing relief pursuant to Amendment 794 of the Sentencing Guidelines. (ECF 91). Before a second or successive application for § 2255 relief is filed in the

---

[1] Petitioner filed a motion for relief pursuant to 18 U.S.C. § 3582 which was denied on July 27, 2015. (ECF Nos. 90).

Case Nos.: 1:03cr55/MP/GRJ; 1:16cv266/MP/GRJ

district court, the litigant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651 (1996); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); Carter v. United States, 405 Fed. App'x. 409 (11th Cir. 2010). Petitioner has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion. Therefore, this court does not have jurisdiction to consider his motion and it must be dismissed.

### CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529

U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Petitioner's motion to amend or correct sentence pursuant to Amendment 794 and 28 U.S.C. § 2255 (ECF No. 91) should be **SUMMARILY DISMISSED without prejudice** as the court does not have jurisdiction to consider it.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 6th day of September, 2016.

*/s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

Case Nos.: 1:03cr55/MP/GRJ; 1:16cv266/MP/GRJ

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case Nos.: 1:03cr55/MP/GRJ; 1:16cv266/MP/GRJ